IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROLANDO CRUZ LOPEZ and JAMES FOXE, <br><br>  Plaintiffs, <br><br> v. <br><br> ALEJANDRO PENA, individually; UNITED STATES CUSTOMS AND BORDER PROTECTION; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and THE UNITED STATES OF AMERICA <br><br>  Defendants. | § § § § § § § § § § § § § § § § § | No. 2-12-CV-165-J |

**Memorandum Opinion and Order**
**<u>Granting Defendant United States of America's Partial Motion to Dismiss</u>**

Before the Court is Defendant United States of America's *Partial Motion to Dismiss for Lack of Subject Matter Jurisdiction*, in which the United States seeks to dismiss Plaintiffs' Counts III and IV because Plaintiffs have failed to exhaust administrative remedies as required by the Federal Tort Claims Act (FTCA). Plaintiffs, proceeding *pro se*, have failed to respond. For the following reasons, the motion is GRANTED.

<u>Background</u>

Plaintiffs filed their six-count complaint on August 7, 2012. Each count stems from an August 2009 incident at the Dallas/Fort Worth International Airport during which Customs and Border Protection (CBP) officers—Defendant Alejandro Pena in particular—allegedly detained Plaintiff Cruz Lopez (en route to visit his friend Plaintiff Foxe in Amarillo), accessed his email and bank accounts without permission, and executed an expedited removal order against him for allegedly being employed by Foxe in violation of visa restrictions. After much effort, Plaintiffs

obtained a vacation of the removal order in June 2012, but they have been unable to reacquire a visa for Cruz Lopez.

Cruz Lopez claims in Count III that Officer Pena invaded his privacy by unreasonably intruding on Cruz Lopez's solitude, seclusion, or private affairs. In Count IV, Cruz Lopez asserts that Officer Pena "knowingly access[ed] a computer, computer network, or computer system without the effective consent of the owner." Tex. Penal Code Ann. § 33.02 (West 2012) (civilly actionable under Tex. Civ. Prac. & Rem. Code § 143.001).

The FTCA protects federal employees from civil liability for torts committed while acting within the scope of their employment. The Act shifts some tort claims onto the United States itself. Thus, after the Attorney General certified that Officer Pena acted within the scope of his employment during his encounter with Cruz Lopez, the United States substituted Officer Pena as defendant to Counts III and IV. 28 U.S.C. §§ 1346(b), 2679 (2012). If these counts sound in tort and the federal government has not otherwise waived sovereign immunity as to them, then the FTCA is the only route for Plaintiffs to pursue them.[1] *See Mitchell v. Carlson*, 896 F.2d 128, 130 (5th Cir. 1990).

The requirement that FTCA plaintiffs exhaust administrative remedies is jurisdictional. 28 U.S.C. § 2675(a); *Price v. United States*, 81 F.3d 520, 521 (5th Cir. 1996). Therefore, the United States argues that the Court lacks jurisdiction because Plaintiffs have not sought administrative relief from the CBP. The government supports its motion with the declaration of Yvette Rodriguez, Mission Support Specialist for the Office of Chief Counsel at the Houston

---

[1] Cruz Lopez also asserts a claim against Officer Pena in Count II, but the United States did not seek substitution for that count—presumably because the federal statute underlying that claim might act as authorization, independent of the FTCA, to seek civil remedies against individual federal employees. *See* 18 U.S.C. § 2707; *see also Bansal v. Russ*, 513 F. Supp. 2d 264, 277 n.9 (E.D. Pa. 2007).

CBP office, that neither plaintiff had filed an administrative tort claim with CBP as of October 11, 2012.

### Legal Standard

"[A] motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (*citing Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)); Fed. R. Civ. P. 12(b)(1). The plaintiff, as the party asserting jurisdiction, bears the burden of proving jurisdiction by a preponderance of the evidence. *Life Partners Inc. v. United States*, 650 F.3d 1026, 1029 (5th Cir. 2011). The court can dismiss for lack of subject matter jurisdiction on any of three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Choice Inc. of Texas v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012) (*quoting Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Where the defendant supports the motion with evidence, the motion is a "factual" rather than "facial" attack, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson*, 645 F.2d at 413.

### Discussion

FTCA actions "shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal Agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113

(1993). Plaintiffs have apparently not exhausted their administrative remedies as to Counts III and IV, as no mention of adjudicated tort-like claims is made in the complaint. Thus, if Counts III and IV can be brought under the FTCA alone—and if the United States has not otherwise authorized the claims to proceed before this Court—they must be dismissed.[2]

Count III, an intrusion on privacy tort claim, can be pursued, if at all, only under the FTCA. *See Texas Comptroller of Pub. Accounts v. Attorney Gen. of Texas*, 354 S.W.3d 336, 364 (Tex. 2010), reh'g denied (Jan. 14, 2011) (giving elements of intrusion tort); *see also Raz v. United States*, 343 F.3d 945 (8th Cir. 2003) (citing cases) (holding that intrusion tort falls within FTCA's reach). The Court can find no other waiver of immunity allowing Count III against either Officer Pena or the United States. Pursuing the United States under the FTCA is Plaintiffs' sole option for Count III.

Count IV is a state statutory claim for damages also pursuable, if at all, exclusively under the FTCA. Some Texas statutory claims are already in this category. *See A.L.T. Corp. v. Small Business Admin.*, 801 F.2d 1451, 1462 (5th Cir. 1986) (*citing Taylor v. Administrator of the SBA*, 722 F.2d 105 (5th Cir. 1983)) (holding that FTCA provided exclusive remedy for Deceptive Trade Practices Act claims that sound in tort). Civil actions under Tex. Penal Code § 33.02 sound in tort, as they require the plaintiff to show that the defendant knowingly or intentionally accessed a computer, computer network, or computer system without the effective consent of the owner, and that the plaintiff was injured thereby. Tex. Civ. Prac. & Rem. Code § 143.001. This statutory cause of action fits the definition of a tort ("A civil wrong, other than breach of contract, for which a remedy may be obtained, usu. in the form of damages," Tort, *Black's Law*

---

[2] The Court would not have jurisdiction even if the counts, sounding in tort, fell outside the FTCA or were part of a 28 U.S.C. § 2680 exclusion. *See Mitchell*, 896 F.2d at 134–36 ("Upon discovering the jurisdictional exclusion of liability for acts of assault and battery, the district court should have dismissed the entire case.").

*Dictionary* (9th ed. 2009)); it is also akin to the common law torts of, for example, "cyber trespass" (to chattels) and intrusion on seclusion. The Court can find no other waiver of immunity allowing this claim against either Officer Pena or the United States. Pursuing the United States under the FTCA is Plaintiffs' sole option for Count IV.

## Conclusion

Counts III and IV fall within the scope of the FTCA, and sovereign immunity has not otherwise been waived for them. Consequently, the Court only has jurisdiction if Plaintiffs prove compliance with the FTCA's requirements. Ms. Rodriguez's un-rebutted declaration demonstrates that Plaintiffs did not file Counts III or IV as administrative tort claims with the appropriate agency (CBP) or receive final administrative denial of those claims. 28 U.S.C. § 2575; 28 C.F.R. § 14.2, 14.9 (2012). "[T]he terms of [the United States's] consent to be sued in any court define the court's jurisdiction to entertain the suit," *United States v. Dalm*, 494 U.S. 596, 608 (1990), and the United States has consented to be sued on these claims and in this Court only after administrative remedies are exhausted. Thus, the Court does not have jurisdiction over Counts III and IV, which are DISMISSED without prejudice. The United States is DISMISSED as a party.

It is SO ORDERED.

Signed this the 12th day of December, 2012.

MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE